UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CLEVERN GRANGER**                                    **CIVIL ACTION**

**VERSUS**                                             **NO. 26-90**

**CHURITA HANSELL**                                    **SECTION "B" (4)**

## ORDER AND REASONS

Plaintiff Clevern Granger ("Granger") filed a **Motion for Limited Discovery (ECF No. 2), Motion for Service of Summons by the U.S. Marshal (ECF No. 3)**, and **Motion to Preserve Evidence (ECF No. 4)** in connection with his *pro se* and *in forma pauperis* complaint brought under 42 U.S.C. § 1983. In his discovery motions, Granger requests the Court order the Defendant to preserve and produce specific discovery as it relates to his claims pertaining to his criminal conviction and alleged prosecutorial misconduct. ECF No. 2 at 1-2; ECF No. 4 at 1-2. Further, Granger requests in his motion for service of summons, that given his pauper status, the Court order service upon the Defendant by the U.S. Marshal's Service. ECF No. 4 at 1.

The Court is currently conducting its statutory frivolousness review of Granger's complaint pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e, as applicable. Upon granting Granger's motion for leave to proceed *in forma pauperis*, the Court ordered that service of summons be withheld. ECF No. 8 at 1. Should Granger's claims proceed past the initial screening phase, the Court will issue summons upon the Defendant via the U.S. Marshal's Service in accordance with Federal Rule of Civil Procedure 4(c)(3). In the meantime, any issuance of service upon the Defendant prior to the conclusion of the Court's statutory frivolousness review is premature.

As to Granger's discovery motions, discovery in a civil proceeding is governed by Rules 26-37 of the Federal Rule of Civil Procedure. Further, the duty to preserve material evidence arises

once a party knows or should have known that litigation is imminent; it does not depend on a court order. *See Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005). If a party fails to take necessary steps to preserve electronically stored evidence or intentionally destroys evidence, that party may be sanctioned. FED. R. CIV. P. 37(e)(2); *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 573 (5th Cir. 2020) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991)).

Defendant's preservation of evidence obligation exists even without a court order. As previously noted, the Court is still conducting its statutory frivolousness review of Granger's complaint. "The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Schultea v. Wood*, 47 F. 3d 1427, 1434 (5th Cir. 1995); *see also* FED. R. CIV. P. 26(d). Thus, until completion of the Court's statutory frivolousness review, discovery is premature and will not be allowed.

For the reasons stated herein,

**IT IS ORDERED** that plaintiff Clevern Granger's **Motion for Limited Discovery (ECF No. 2), Motion for Service of Summons by the U.S. Marshal (ECF No. 3)**, and **Motion to Preserve Evidence (ECF No. 4)** are **DENIED.**

New Orleans, Louisiana, this 11th day of February, 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

2