**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLEVERN GRANGER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-90** |
| **CHURITA HANSELL** | **SECTION "B" (4)** |

## REPORT AND RECOMMENDATION

Plaintiff Clevern Granger ("Granger") filed a complaint pursuant to 42 U.S.C. § 1983, which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Having considered the record and the applicable law, the Court has determined that this matter can be disposed of without an evidentiary hearing

### I. Background

#### A. Complaint (ECF No. 6)

Granger, a convicted inmate housed in Dixon Correctional Institute in Jackson, Louisiana, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against defendant Assistant District Attorney Churita Hansell. ECF No. 6 at 7. Granger's claims against ADA Hansell relate to the prosecution of his 2011 convictions for forcible rape and aggravated burglary in Jefferson Parish, Louisiana. ECF No. 6-2 at 6. He alleges that ADA Hansell violated his due process rights by participating in his forced medication and confinement when the state trial court found him incompetent to stand trial. ECF No. 6 at 3-4. Further, Granger claims that ADA Hansell used fabricating or misleading representations by asserting that a "upon a thorough investigation it was discovered and learned" in support of the State's motion to introduce other crimes evidence at trial that was granted. Granger also claims that ADA Hansell suppressed transcripts and

obstructed discovery throughout his criminal proceedings which interfered with his ability to pursue relief and that she acted deliberately indifferent to his constitutional rights. *Id*. at 6.

As relief, Granger seeks compensatory and punitive damages, a declaratory judgment against ADA Hansell, and any other relief authorized by law or that the Court deems just and proper. *Id*. at 7.

### B. Notices to the Court (ECF Nos. 10, 11)

In support of his claims, Granger filed two notices with the Court. In his notice of clarification of claims, Granger largely reiterates his statements as outlined in his complaint and clarifies that in bringing these claims he is not seeking to invalidate, reverse, or otherwise challenge the validity of his underlying criminal conviction or sentence. ECF No. 10 at 1. In his notice of supplemental authority, Granger highlights *Olivier v. City of Brandon*, 607 U.S. 552 (2026). ECF No. 11 at 1. Granger states that according to *Olivier*, the bar set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) does not apply to § 1983 actions seeking declaratory or prospective relief, even where a plaintiff was previously convicted under the challenged conduct.

## II. Standards of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III. Analysis

### A. ADA Churita Hansell

Granger named ADA Hansell as the sole defendant in this case. Broadly construing his complaint, Granger alleges a myriad of claims relating to actions taken by ADA Hansell in his criminal prosecution in her capacity as a prosecutor for the Jefferson Parish District Attorney's Office, which ultimately resulted in his convictions for forcible rape and aggravated burglary in 2011.

The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff,* 275 U.S. 503 (1927). To determine whether an official is absolutely immune from suit, the proper focus is not on the identity of the party claiming the immunity, but on his or her "role in the context of the case."

*Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). In other words, immunity attaches to a particular official's functions, not to the particular office he or she holds. *Forrester v. White*, 484 U.S. 219, 229 (1988); *see O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). The traditional functions of a prosecutor also include the duty to decide which charges to bring and whether to pursue a conviction in court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Granger's claims against ADA Hansell are intimately associated with the bringing of his charges and the criminal court process. Presumably, Granger challenges the prosecution of the charges as his claims involve alleged actions taken in competency proceedings, discovery, and motions practice all related to his criminal proceedings and subsequent convictions. As such, ADA Hansell is entitled to absolute immunity from suit for her role in bringing and prosecuting the charges against Granger. Consequently, Granger's claims against ADA Churita Hansell must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

**B. The *Heck* Doctrine**

Despite Granger's assertions to the contrary, the very basis of his complaint is a challenge to his conviction and the criminal prosecution against him and, therefore, calls into question the validity of his current confinement. Before a plaintiff can proceed on such a claim under § 1983, he must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement. 512 U.S. at 486-87. This limitation on a § 1983 plaintiff avoids collateral attacks for monetary damages related to convictions that are still outstanding. *Id*. at 484-85. Therefore, Granger's § 1983 claims against the defendant must be dismissed because they necessarily impugn the validity of his current detention and conviction. *Id*. at 479. *See Arnold v. Town of Slaughter,* No. 03-30941, 2004 WL 1336637, at *3-4 (5th Cir. 2004); *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). As the Fifth Circuit has noted, the dismissal of these claims is with prejudice to their being asserted again until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Granger's assertion that the Supreme Court's recent decision in *Olivier v. City of Brandon*, 607 U.S. 552 (2026) does not bar him from seeking declaratory or prospective relief is unconvincing. In *Olivier*, the Supreme Court held that *Heck* did not bar a § 1983 suit by a plaintiff who sought wholly prospective relief by requesting a declaration that a city ordinance he was convicted of restricting expressive activity near a public amphitheater be found unconstitutional under the First Amendment and to prevent its enforcement in the future. 607 U.S. at 556. The Supreme Court reasoned that the plaintiff in *Olivier* was not challenging the validity of his conviction or sentence "for the purpose of either securing (or speeding) release or of obtaining monetary damages" and did not involve his prior conduct nor risk "'conflicting' judgments over how the conduct was prosecuted or punished." *Id*. at 564.

Unlike the plaintiff in *Olivier*, Granger's claims directly challenge how his criminal

conduct was prosecuted and punished by challenging the actions taken by ADA Hansell in his criminal prosecution. Further, Granger does not seek wholly prospective relief and instead seeks compensatory and monetary damages. Therefore, Granger's claims against ADA Hansell are barred until the *Heck* conditions are met.

However, it is well settled in the Fifth Circuit that before application of the *Heck* doctrine the Court must address dismissal of improperly named and immune defendants. *See Busick v. City of Madison, Miss.*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that although a stay might be appropriate to determine if *Heck* will bar a claim, the district court should consider if there are other grounds for dismissal); *see also Boyd*, 31 F.3d at 284 (immunity must be considered as a threshold matter prior to applying *Heck*). In this case, Granger names a defendant who is otherwise immune from suit and against whom § 1983 liability will not stand. Thus, the claims against ADA Hansell must be dismissed as a threshold matter even without application of the *Heck* doctrine.

## IV. <u>Recommendation</u>

For the foregoing reasons,

**IT IS RECOMMENDED**, that plaintiff Clevern Granger's §1983 claims against defendant Churita Hansell be **DISMISSED WITH PREJUDICE**, as legally frivolous and for seeking monetary damages against a defendant who is immune from such relief, pursuant to Title 28 U.S.C.§1915(e)(2) and Title 42 U.S.C.§1997e(c)(1).

**ALTERNATIVELY, IT IS RECOMMENDED** that Granger's § 1983 claims against defendant Churita Hansell be **DISMISSED WITH PREJUDICE** as *Heck* barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[1]

New Orleans, Louisiana, this 4th day of August 2026.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

[1] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.